**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.

MICHAEL ARMSTRONG and ANTHONY SIDERIO,

    Plaintiffs,

v.

H2OCEAN, LLC, a Florida Limited Liability Company,
H2OCEAN, INC., a Florida Profit Corporation,
and EDWARD KOLOS, individually.

    Defendants.
_____/

## COMPLAINT

Plaintiffs, MICHAEL ARMSTRONG and ANTHONY SIDERIO ("ARMSTRONG," "SIDERIO" and collectively "Plaintiffs"), by and through their undersigned attorney, hereby file this Complaint against Defendants, H2OCEAN, LLC, H2OCEAN, INC., and EDWARD KOLOS (hereinafter "H, LLC," "H, INC.," "KOLOS," and collectively "Defendants"), and say:

## JURISDICTION AND VENUE

1. This action is brought against Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", or the "FLSA"), and Florida's Minimum Wage Act (hereinafter "FMWA"), Fla. Stat. § 448.110.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern

1

District of Florida; because the acts that give rise to Plaintiffs' claims happened within the Southern District of Florida; and because Defendants are subject to personal jurisdiction herein.

4.      All conditions precedent to this action have been performed or waived.

5.      Plaintiffs hereby attach a copy of the Demand Letters to Defendants for their unpaid minimum wage, to be sent simultaneously as this Complaint is filed, pursuant to Fla. Stat. §448.110(6)(a). The Demand Letters are attached hereto as Exhibit A.

## PARTIES

6.      Plaintiff ARMSTRONG is a resident of Martin County, Florida. During all times relevant to this Complaint, Plaintiff ARMSTRONG was employed by Defendants as a sales representative/convention sales representative. ARMSTRONG's responsibilities included traveling to conventions. ARMSTRONG was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

7.      Plaintiff SIDERIO is a resident of St. Lucie County, Florida. During all times relevant to this Complaint, Plaintiff SIDERIO was employed by Defendants as a sales representative/convention sales representative. SIDERIO's responsibilities included traveling to conventions. SIDERIO was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

8.      Defendant H, INC. is a Florida Profit Corporation, registered to do business within Florida, which has been inactive since November 2, 2015. H, INC. H, INC. has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

9.      Defendant H, INC. converted to Defendant H, LLC in 2015. H, LLC is a Florida Limited Liability Company, registered to do business within Florida. Defendant H, LLC has, at all

times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

10. Defendant KOLOS owned and operated both H, INC. and H, LLC at all times material hereto, and upon information and belief, is a resident of Martin County, Florida. The Florida Department of State Division of Corporations lists KOLOS as "PRES" of Defendant H2O, INC., and as "MGRM" of Natural Enteprises, LLC, which is listed as "MGR" of Defendant H2O, LLC.

11. Defendant KOLOS acted and acts directly in the interests of both H, INC. and H, LLC in relation to their employees. KOLOS had and exercised the authority to hire and fire employees, set the pay rate for the employees, and control the finances and operations of both H, INC. and H, LLC. Thus KOLOS was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. Plaintiffs were employed at Defendants' business located in Martin County, Florida.

13. At all times relevant hereto, Defendant H, LLC were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. At all times material to this Complaint, Defendant H, LLC has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore has employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

15. Defendant H, LLC, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## GENERAL ALLEGATIONS

16. Plaintiffs were non-exempt employees of Defendants and were subject to the payroll practices and procedures set forth hereinafter.

17. Plaintiffs regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

18. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiffs performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

19. Plaintiff ARMSTRONG started working for Defendants in or about 2011. For the weeks when ARMSTRONG traveled to conventions, ARMSTRONG worked an average of approximately sixty-eight (68) to seventy-two (72) hours per week. ARMSTRONG stopped going to conventions in or about February 2018.

20. Plaintiff SIDERIO worked for Defendants from July 2014 to July 2016. For the weeks when SIDERIO traveled to conventions, SIDEIRO worked an average of approximately seventy-seven (77) to eighty-one (81) hours per week.

21. Defendants and their representatives knew that Plaintiffs were working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

22. In the course of their employment with Defendants, Plaintiffs worked the number of hours required of them, but were not properly paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

23. Plaintiff ARMSTRONG was paid $10.00 per hour, plus 10% commission on the sales of tattoo after care products.

24. Plaintiff SIDERIO was initially paid $9.00 per hour, later raised to $10.00 per hour, plus 10% commission on the sales of tattoo after care products.

25. Whenever Plaintiffs had to travel to conventions, they would be compensated for roughly 37.5 hours per week, regardless of the actual hours worked.

26. As a result, Defendants constantly paid Plaintiff less than minimum wage, in violation of both Federal and Florida minimum wage laws.

27. The records, if any, concerning the number of hours actually worked by Plaintiffs, are in the possession, custody, and control of Defendants.

28. Defendants maintained complete control over the hours Plaintiffs worked and the pay they were to receive.

29. Plaintiffs have retained the undersigned firm to prosecute this action on their behalf and have agreed to pay it a reasonable fee for its services.

30. Plaintiffs are entitled to their reasonable attorneys' fees and costs if they are the prevailing party in this Action.

### COUNT I – VIOLATION OF FLSA/OVERTIME
### (AGAINST DEFENDANTS KOLOS AND H, LLC)

31. Plaintiffs re-allege and re-aver paragraphs 1 – 30 as fully set forth herein.

32. During the course of Plaintiffs' employment, KOLOS and H, LLC have willfully violated the provisions of §7 of the FLSA [29 U.S.C. § 207] by employing workers engaged in

commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

33. For the weeks Plaintiff ARMSTRONG traveled to conventions, he worked approximately sixty-eight (68) to seventy-two (72) hours during each work week in which he was employed. ARMSTRONG was only paid straight time and never overtime.

34. For the weeks Plaintiff SIDERIO traveled to conventions, he worked approximately seventy-seven (77) to eighty-one (81) hours during each work week in which he was employed. SIDERIO was only paid straight time and never overtime

35. Plaintiffs were not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that they were neither bona fide executive, administrative, or professional employees.

36. Plaintiffs were not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 207(i), in that their regular rate of pay often fell below one and one-half times the applicable minimum wage for every hour worked in a workweek in which overtime hours are worked, and that commissions did not always make up more than half their total earnings.

37. KOLOS and H, LLC have knowingly and willfully failed to pay Plaintiffs at time and one half of their regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

38. By reason of the said intentional, willful and unlawful acts of KOLOS and H, LLC, Plaintiffs have suffered damages plus incurring costs and reasonable attorney's fees.

39. KOLOS and H, LLC knew Plaintiffs were not exempt from overtime but refused to compensate their hours worked in excess of forty (40) hours when they traveled to conventions.

40. As a result of KOLOS and H, LLC's willful violations of the Act, Plaintiffs are entitled to liquidated damages.

41. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action from KOLOS and H, LLC.

**WHEREFORE**, for workweeks within three (3) years of filing this Complaint, Plaintiffs MICHAEL ARMSTRONG and ANTHONY SIDERIO demand judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiffs by reason of KOLOS and H, LLC's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

e) Assessment against KOLOS and H, LLC of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

### COUNT II: VIOLATION OF FLSA / MINIMUM WAGE
### (AGAINST DEFENDANTS KOLOS AND H, LLC)

42. Plaintiffs re-allege and re-aver paragraphs 1 – 30 as fully set forth herein.

43. During the course of Plaintiff ARMSTRONG's employment with KOLOS and H, LLC, he worked approximately sixty-eight (68) to seventy-two (72) hours during the weeks when he traveled to conventions. Nonetheless, ARMSTRONG was only compensated for less that forty hours of work during the relevant workweeks.

44. During the course of Plaintiff SIDERIO's employment with KOLOS and H, LLC, he worked approximately seventy-seven (77) to eighty-one (81) hours during the weeks when he

traveled to conventions. Nonetheless, SIDERIO was only compensated for less that forty hours of work during the relevant workweeks.

45. As a result, Plaintiffs were constantly compensated less than Federal minimum wage within three years of the filing of this Complaint.

46. KOLOS and H, LLC willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiffs at a rate equal to the federal minimum wage for work performed while KOLOS and H, LLC employed Plaintiffs during the relevant time period.

47. As a direct result of KOLOS and H, LLC's willful violation of federal laws, Plaintiffs have suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiffs MICHAEL ARMSTRONG and ANTHONY SIDERIO request judgment for:

a) Unpaid minimum wages in the amount to be determined by the Court, less any amount shown as actually paid.

b) Interest on the amount found due;

c) Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d) Plaintiffs' cost of suit, together with reasonable attorney's fees incurred in this action; and

e) Such other relief as the Court deems just and proper.

### COUNT III – VIOLATION OF FLORIDA MINIMUM WAGE ACT
### (AGAINST ALL DEFENDANTS)

48. Plaintiffs re-allege and re-aver paragraphs 1 – 30 as fully set forth herein.

49. This action is brought under Florida's Minimum Wage Act (FMWA), Fla. Stat. § 448.110.

50. Plaintiffs hereby attach a copy of the Demand Letters to Defendants for their unpaid minimum wage, to be sent simultaneously as this Complaint is filed, pursuant to Fla. Stat. §448.110(6)(a).

51. During the course of Plaintiff ARMSTRONG's employment with Defendants, he worked approximately sixty-eight (68) to seventy-two (72) hours during the weeks when he traveled to conventions. Nonetheless, ARMSTRONG was only compensated for less that forty hours of work during the relevant workweeks.

52. During the course of Plaintiff SIDERIO's employment with Defendants, he worked approximately seventy-seven (77) to eighty-one (81) hours during the weeks when he traveled to conventions. Nonetheless, SIDERIO was only compensated for less that forty hours of work during the relevant workweeks.

53. ARMSTRONG reasonably estimates that he is owed approximately $9,567.27 for unpaid minimum wage, as a base amount.

54. SIDERIO reasonably estimates that he is owed approximately $11,240.98 for unpaid minimum wage as a base amount.

55. Defendants violated the FMWA by paying Plaintiffs less than minimum wage within five years of the filing of this Complaint.

56. Defendants knew Plaintiffs worked the amount of hours required of them, but refused to compensate them properly.

57. As a result of Defendants' willful violation of FMWA, Plaintiffs have suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, for workweeks within five (5) years of the filing of this Complaint, Plaintiffs MICHAEL ARMSTRONG and ANTHONY SIDERIO request judgment against Defendants as follows:

a) Unpaid minimum wages in the amount to be determined by the Court, less any amount shown as actually paid;

b) Interest on the amount found due;

c) Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c)(1);

d) Plaintiffs' cost of suit, together with reasonable attorney's fees incurred in this action; and

e) Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs MICHAEL ARMSTRONG and ANTHONY SIDERIO hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: May 17, 2019.

    LAW OFFICES OF CHARLES EISS, P.L.
    Attorneys for Plaintiff
    7951 SW 6th Street, Suite 308
    Plantation, Florida 33324
    (954) 914-7890 (Office)
    (855) 423-5298 (Facsimile)

By:    /s/ Charles M. Eiss
    CHARLES M. EISS, Esq.
    Fla. Bar #612073
    chuck@icelawfirm.com
    TIEXIN YANG, Esq.
    Fla. Bar #1010651
    tiexin@icelawfirm.com